IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD BRIAN CRIST,

        Plaintiff,

vs.                               No. CV 16-1190 RB/KBM

OFFICER JARED NIX, OFFICER TOMMY
GONZALEZ, OFFICER JOHNNY GARCIA,
SANDIA PUEBLO POLICE DEPT.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Prisoner's Civil Rights Complaint ("Complaint") filed by Plaintiff, Edward Brian Crist, on October 28, 2016. (Doc. 1.) The Court will dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). Also pending before the Court are several motions filed by Plaintiff Crist. The Court's disposition of the motions is set out in part II, below.

## I. FACTUAL BACKGROUND

Plaintiff Edward Brian Crist is proceeding pro se and in forma pauperis. He has three pending civil rights cases in this Court.[1] *Edward Brian Crist v. Detective Joe Lopez #5425* was filed by Crist on August 22, 2016. (CV 16-00950 MV/LF, Doc. 1.) *Edward Brian Crist v. Detective Joe Lopez #5425* was initially filed in New Mexico state court on August 22, 2016 and was removed to this Court by the Defendant on October 6, 2016 (CV 16-01107 MV/KRS, Docs.

---

[1] Crist also filed a Petition for Writ of Habeas Corpus, which was docketed as case no. CV 16-01276 RB/LF. The habeas corpus proceeding was dismissed for lack of jurisdiction. (CV 16-01276 RB/LF, Doc. 21.)

1

1 and 1-1.) This case, *Edward Brian Crist v. Officer Jared Nix, et al.*, was filed in this Court by Crist on October 28, 2016. (CV 16-01190 RB/KBM, Doc. 1.)

Plaintiff Crist has a lengthy history of criminal charges and convictions in the state courts of New Mexico. *See* State of New Mexico cause nos. D-101-CR-1992-00253, D-101-CR-1992-00394, D-202-CR-1993-01119, D-101-CR-1995-00100, D-202-CR-1999-03699, D-202-CR-2000-01166, D-202-CR-2000-01537, D-202-CR-2001-01810, D-202-CR-2004-01213, D-202-CR-2013-01260, and D-202-CR-2016-01969.[2] The allegations in all three of Plaintiff Crist's pending cases arise out of the underlying arrest and criminal prosecution of Crist in cause no. D-202-CR-2016-01969. (CV 16-00950 MV/LF, Doc. 1; CV 16-01107 MV/KRS, Doc. 1-1; CV 16-01190 RB/KBM, Doc. 1.)

The record shows that at approximately 4:42 pm on June 8, 2016, Albuquerque Police Department ("APD") officers were dispatched to the Blake's Lottaburger at 6215 San Mateo Dr. NE, Albuquerque, New Mexico, in reference to an armed robbery. Victims told police officers that a male subject pointed a shotgun at them and demanded money. Based on a surveillance video, the suspect was described as wearing prescription eyeglasses, white hoodie, black and white shorts, maroon "van" type shoes, a white jersey with the number 19 on it, a ring on his left hand, a bandana over his face, and tattoos on his right lower leg. (CV 16-1107 MV/KRS, Doc. 11 at 6.) A witness reported seeing the male suspect get into a white vehicle bearing New Mexico license plate 910TNB. New Mexico Motor Vehicle Department records indicated the vehicle was registered to Brian Edward Crist and was a white 2004 Buick four-door sedan. (CV 16-1107 MV/KRS, Doc. 11 at 6.)

---

[2] The Court takes judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of this case. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007); *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972).

At approximately 8:42 pm on June 8, 2016, APD officers were dispatched to the Pizza Hut located at 2640 Carlisle Blvd. NE in Albuquerque in reference to an armed robbery. A female employee reported that a male suspect pointed a shotgun at her and demanded cash from the register. A female customer stated that she saw two subjects enter the store. She described the first male as tall, about 6-feet, skinny, and wearing a gray zip up hoodie, shades, and a black and white bandana covering his face. She said that, on entering, the male ordered everyone on the ground and racked the shotgun, chambering a round. She felt someone moving things in her purse and, after the incident, noticed her wallet, containing her identification documents and bank/debit cards, was missing. (CV 16-1107 MV/KRS, Doc. 11 at 7.)

At around 1:19 am on June 9, 2016, Sandia Pueblo Tribal Officer Jerade Nix was dispatched to the Sandia Resort and Casino located at 30 Rainbow Road, Sandia Pueblo, New Mexico, in reference to a "firearms exchange" on the fourth level of the parking structure. Security Officer Johnny Garcia informed Officer Nix that he had reviewed video surveillance footage and had observed the driver of a red colored Honda passenger car make a firearm exchange with the owner/operator of a white vehicle. The video surveillance showed that a shotgun or long rifle was placed in the trunk of a white, four-door vehicle bearing New Mexico plate 910TNB. Officer Nix, Officer Garcia, and Officer Tommy Gonzales made their way to the fourth level and, by the white four-door vehicle bearing plate 910NTB, located the subject shown on the video placing the firearm in the trunk. The subject was identified as Edward Crist through his New Mexico Driver's License. Officers reported that Mr. Crist stated he is a convicted felon and that there was a shotgun in the trunk of his car. During a pat-down search, a glass pipe and three small baggies of a black substance, suspected to be black tar heroin, were located in Mr. Crist's right front pocket. The license plate on the vehicle was run by the officers and returned

as registered to Edward Crist. Dispatch also notified Officer Nix that APD had run the plate on the vehicle approximately ten times earlier that night and APD stated that the vehicle was involved in two armed robberies in Albuquerque earlier in the night. With Mr. Crist's permission, the officers opened the trunk and retrieved a 12 gauge model 88 Maverick shotgun, loaded with six shotgun shells, and a military flak jacket. (CV 16-1107 MV/KRS, Doc. 11 at 11–12.)

At 3:12 am on June 9, 2016, Detective Lopez met with Edward Crist and read him his Miranda rights. Detective Lopez described Crist as wearing black, white, and grey plaid shorts, a pink shirt, red shoes with a white sole, and prescription glasses. Lopez stated Crist had tattoos on his lower right leg. Detective Lopez reported that Officer Nix had informed him Sandia police officers had located a shot gun, hand gun, and methamphetamines in the vehicle during their inventory of the vehicle and that the vehicle was going to a secure lot at Duggar's Towing. Officer Nix arranged to have the vehicle released by Duggar's Towing to APD pending a search warrant. (CV 16-01107 MV/KRS, Doc. 11 at 39–40.)

On June 10, 2016, Officer Nix filed a Criminal Complaint in the State of New Mexico, County of Bernalillo, Metropolitan Court relating to the detention and arrest on June 9, 2016. (CV 16-00950 MV/LF, Doc. 10 at 6.) The Criminal Complaint was docketed as case no. T-4-FR-2016-003073. For unknown reasons, the case caption identified the Defendant as "Kirksey, Robert." (CV 16-00950 MV/LF, Doc. 10 at 6.) However, the Complaint listed the 704 Glacier Bay St SE address for Edward Crist, and the body of the Complaint identified Edward Crist as the suspect who was detained, arrested, and transported to the Metropolitan Detention Center. The Complaint charged the Defendant with possession of a firearm or destructive device by a felon and possession of a controlled substance. (CV 16-00950 MV/LF, Doc. 10 at 6.)

Metropolitan Court Judge Victor Valdez made a determination on June 10, 2016, that there was probable cause a crime had been committed, but no probable cause that the crime was committed by the wrongly-named Defendant, Robert Kirksey. Based on the wrongly-named defendant, the Judge ordered that Crist be released. (*See* T-4-FR-2016-003073.)

Also on June 10, 2016, Detective Joe Lopez filed a Criminal Complaint—Arrest Warrant Affidavit in the Metropolitan Court. (*See* CV 16-01107 MV/KRS, Doc. 11.) The Complaint-Arrest Warrant Affidavit was docketed as Metropolitan Court case no. T-4-FR-2016-00310. The Complaint-Arrest Warrant Affidavit states:

> "06/09/2016 0200 HRS
> I was notified by APD dispatch that Officers with the Sandia Pueblo were out on a shots fired call and they were with a male subject who was in the vehicle bearing NM 910 NTB. I asked dispatch to give my contact information to the officer handling the case with Sandia Pueblo. Officer Jared Nix of Sandia pueblo called me and informed me he was out with a male who they had in custody for shooting at another vehicle. Officer Nix informed me the male had a shot gun during the incident. Officer Nix described the male they had in custody as 6'01" 214 pounds wearing brown and grey plaid shorts and an orange shirt and provided the name of Edward Crist. I informed Officer Nix the male matched the description of robberies that had taken place on 06/08/2016 and asked if I could interview him at their office."

(CV 16-01107 MV/KRS, Doc. 11 at 7-8.) Case T-4-FR-2016-00310 was transferred to the State of New Mexico, Second Judicial District Court, for presentment of the criminal charges to a grand jury.

The case was docketed in the Second Judicial District Court as D-202-CR02016-01969, and Grand Jury proceedings were held in CR-2016-01969 on June 23, 2016. Both APD Detective Joe Lopez and Defendant Edward Crist testified before the Grand Jury. (CV 16-01107 MV/KRS, Doc. 17.) Detective Lopez testified, in pertinent part, that he was contacted by officers from the Sandia Pueblo Police Department around 2:00 am on June 9, 2016. They

5

advised him that they were with a male subject that was in a vehicle bearing New Mexico plate 910-MTB and that APD dispatch had informed them the vehicle was connected to an armed robbery earlier in the day. They advised him the subject, named Edward Crist, was approximately 6'1, 214 pounds and was wearing brown and grey plaid shorts with an orange shirt. Mr. Crist was then transferred over to the custody of Detective Lopez. The vehicle was turned over to Detective Lopez on June 10, 2016. Detective Lopez obtained a search warrant for the car and located several shotgun rounds, handgun rounds and a handgun, a bandana with black and green camouflage, and a black and white bandana with two ends tied together. (CV 16-01107 MV/KRS, Doc. 17 at 8–18.)

The Grand Jury indicted Crist on three counts of armed robbery (firearm enhancement), six counts of aggravated assault (firearm enhancement), one count of conspiracy to commit armed robbery and/or aggravated assault, one count of child abuse, and two counts of possession of a firearm by a felon, including one count arising out of the June 9, 2016 incident at the Sandia Resort and Casino. (CV 16-01107 MV/KRS, Doc. 11 at 15–18.)

On March 6, 2017, the State of New Mexico filed a *nolle prosequi* in D-202-CR-2016-01969 on the grounds that the case was being referred for federal prosecution. A federal Grand Jury Indictment was filed against Crist on November 15, 2016, and criminal charges are pending in this Court. (*See* CR 16-04356 JCH, Doc. 1.)

Plaintiff Crist filed his Complaint on October 28, 2016. (Doc. 1.) Crist names, as Defendants, Sandia Pueblo Police Officers Jared (sic) Nix, Tommy Gonzales, and Johnny Garcia, and the Sandia Pueblo Police Dept. (*Id.* at 1.) Crist alleges "Officer Nix, Gonzales, Garcia conspired with Detective Lopez to tamper with evidence and falsify documents denying Edward Crist his V, VIII, and XIV amendment rights." (*Id.* at 2.) "Due to the gross negligence

of all officers involved from Sandia Pueblo Police Depart, Tampering with evidence, falsely arresting, false imprisonment, falsifying documents cruel and unusual punishment, denial of due process I demand for punitive, compensatory, and monetary damages $1,000,000 as relief requested and dismissal of case #16-000713." (*Id.* at 7.) The record indicates that "Case # 16-000713" is the Offense/Incident Report number assigned by the Pueblo of Sandia Police Department. (*See id.* at 13.)

## II. PLAINTIFF CRIST'S PENDING MOTIONS

Before the Court are seven motions filed by Plaintiff Crist. First, Crist has filed an Application to Proceed in the District Court without Prepaying Fees and Costs. (Doc. 2.) The Court finds that Plaintiff Crist has shown a financial inability to prepay the costs of this proceeding and will grant his Application under 28 U.S.C. § 1915(b).

Two of Crist's pending motions, the Motion to Request Entry of Default (Doc. 6) and the Motion for Default Judgment (Doc. 18), are in the nature of requests that the Court enter a default judgment against the Defendants for failure to file an answer to the Complaint. The Court has not ordered service of process on Defendants and, therefore, Defendants are not in default. *See* Fed. R. Civ. P. 55(a). The Court will deny these two motions.

One of the pending motions, the Motion for Disclosure of Discovery (Doc. 16), is in the nature of a request for discovery. Because the Court dismisses the case for failure to state a claim, the Court will deny the Motion requesting discovery as moot.

Plaintiff Crist has also filed two motions asking the Court to take judicial notice. Under Fed. R. Evid. 201(b), the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007); *Duhart v. Carlson,* 469 F.2d 471,

473 (10th Cir. 1972). *See also*, *Shoulders v. Dinwiddie*, 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. 2003) (concluding a state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In his first Motion for Request for Judicial Notice (Doc. 19), Plaintiff asks the Court to take notice of filings in *United States v. Crist*, CR 16-04356 JCH. The court records and filings are public records properly subject to judicial notice under Fed. R. Evid. 201. *Ahidley*, 486 F.3d at 1192 n. 5. Accordingly, the Court will grant the Motion and take judicial notice of the documents filed in CR 16-04356 JCH. The Court's granting of the Motion, however, should not be construed as approval of the conclusory allegations and statements contained in Crist's Motion.

In his second Motion for Judicial Notice (Doc. 20), Plaintiff asks the Court to take judicial notice of a letter sent to Crist by his Assistant Federal Public Defender. The letter is not a public record subject to judicial notice. *Hynoski v. Columbia Cty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 557 (M.D. Pa. 2013) (letters of counsel do not satisfy the requirements of Fed. R. Evid. 201(b)). The Court will deny Plaintiff Crist's second Motion for Judicial Notice.

Last, Plaintiff Crist has filed a Motion of Consent (Doc. 4), consenting to referral of this case to Magistrate Judge Karen B. Molzen under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). In the context of prisoner civil rights cases, Plaintiff Crist's consent is not necessary for reference of the case to a Magistrate Judge under §§ 636(b)(1)(B) and (b)(3). The Court will dismiss Crist's Motion of Consent as unnecessary.

### III. PLAINTIFF CRIST'S COMPLAINT FAILS TO STATE A § 1983 CIVIL RIGHTS CLAIM ON WHICH RELIEF CAN BE GRANTED

Plaintiff, Edward Brian Crist, is proceeding pro se and *in forma pauperis.* (Doc. 9.) The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.* at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall*, 935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v.*

*Hernandez*, 504 U.S. 25, 32 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32–33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

Plaintiff Crist brings this action as a prisoner civil rights case under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Plaintiff Crist alleges:

> "Officer Nix, gonzales, garcia conspired with Detective Lopez
> to tamper with evidence [sic] and falsify documents denying Edward
> Crist of his V, VIII, XIV amendment rights, conspiracy to commit
> all of the above."

(Doc. 1 at 2.) Crist further claims:

> "On June 9th 2016 officer Jared nix did arrest Edward Brian Crist
> for a felon in possession of a firearm and possession of a controlled
> substance at Sandia Casino on the 4th floor of the parking structure.

> Edward Crist was transported to MDC by officer Tommy Gonzales
> of Sandia Police Dept. and booked into MDC under the fictitious
> name of Robert Kirksey #T-4-FR-16-003073 or Sandia case #
> 16-000713. Sandia Pueblo Police Dept had jurisdiction on this
> arrest and should have transported Mr. Crist to Sandoval County
> to be held and tried by the United States District Court."

(Doc. 1 at 3.)

Crist's allegations do not state a constitutional claim. The Offense/Incident Report in Sandia case #16-000713 clearly identified "Mr. Edward Crist" as the offender and did not mention the name "Robert Kirksey." Crist was identified by his photo ID at the time of his arrest by the Sandia Pueblo Tribal Officers. (Doc. 1 at 14.) Although the Criminal Complaint filed in Metropolitan Court by Sandia Pueblo Officer Nix did have the wrong name of "Robert Kirksey" in the case caption, the Judge in Metropolitan Court case #T4FR-2016-003073 found probable cause that Crist's actions, as set out in the body of the Complaint, constituted a crime. (*See* T-4-FR-2016-003073.) The mistaken use of "Robert Kirksey" in the caption of the case actually benefited Crist in that the Judge ordered the release of Crist due to the use of the "wrong name." (T-4-FR-2016-003073.) Crist's allegations relating to use of the fictitious name "Robert Kirksey" do not state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6) or under 28 U.S.C. § 1915(e)(2)(B).

Nor do Crist's allegations regarding jurisdiction and transport state a claim for relief. The Court takes judicial notice that, although Crist was arrested by Sandia Pueblo police officers on lands owned by Sandia Pueblo, the Sandia Resort and Casino is located within the geographic boundaries of Bernalillo County. *See United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("[g]eography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial and thus it is within the general definition contained in Fed. R. Evid. 201(b)"). The decision of the Sandia Pueblo police

officers to transport him to the Bernalillo County Metropolitan Detention Center, rather than the Sandoval County Detention Center, does not state a constitutional violation.

Plaintiff Crist also alleges:

> "According to Request for Forensic Services 16-005-2248 a shot gun was tested for latent prints in connection with alleged crimes in CR 16-1969. CR 16-1969 is a fraudulent document and can be proven as such. There was no shots fired call where Mr. Crist was in custody for shooting at a motor vehicle and a shot gun was not found as a result of a shots fired call. . . Plaintiff contends that Sandia Pueblo allowed evidence [sic] in case #16-000713 to be tampered with or moved into a different case # 16-1969. Advertantly the fictitious criminal complaint was RoRed freeing up the shot gun as evidence [sic] in case #16-000713 or T-4-FR-16 00373 and allowing Detective Lopez to make the false statements and testify illegally to a shotgun that is not in evidence [sic] in APD."

(Doc. 1 at 4–5.) Although Crist contends that Sandia Pueblo allowed evidence to be tampered with, he does not identify any individual acts by Defendants Nix, Gonzales, or Garcia. To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Crist's allegations of tampering with evidence do not identify personal acts by any of the individual Sandia Pueblo police officers and fail to state a claim for relief against Defendants Nix, Gonzales, or Garcia. *Id.*

Further, to the extent there are discrepancies between reports by the Sandia Tribal Police and Detective Lopez's reporting of information provided to him by APD Dispatch and the

Sandia Pueblo police officers, those discrepancies do not necessarily render the statements "false" as alleged by Crist, nor does Crist specify how those discrepancies constitute actions in violation of his constitutional rights. *West*, 487 U.S. at 48. Crist's allegations fail to state a claim on which relief can be granted under Rule 12(b)(6) and § 1915(e)(2)(B)(ii).

Crist's allegations relate to evidentiary discrepancies arising out of the arrest underlying his pending criminal charges. Crist's claims are premature at this time and the evidentiary discrepancies should be litigated in the first instance in his pending criminal action. *See Smith v. Holt*, 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge do not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist), *cert. denied*, 519 U.S. 1041 (1996); *Covington v. City of New York*, 171 F.3d 117 (2d Cir. 1999) (same). Any claims by Crist are premature and speculative until judgment has been entered on his pending criminal charges.

Last, Crist also names the Sandia Pueblo Police Department as a Defendant. The Sandia Pueblo Police Department is not a "person" within the meaning of 42 U.S.C. § 1983. There is no remedy against the Sandia Pueblo Police Department under § 1983 and the Complaint fails to state a claim for relief against the Sandia Pueblo Police Department *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63–64 (1989). In addition, although the Court does not reach the question, an issue exists as to whether Sandia Pueblo Tribal police officers act under color of state law and are subject to liability under § 1983. *Compare Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (tribal officers act under color of tribal law, not state law) and *Evans v. McKay*, 869 F.2d 1341, 1348–49 (9th Cir. 1989) (tribal officials acting in concert with state officials act under color of state law).

## IV. THE COURT WILL NOT GRANT LEAVE TO AMEND

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

The Court will not grant Plaintiff Crist leave to amend his Complaint. First, Crist already has multiple cases in this Court based on the same factual allegations. It is unlikely that any amendment would do more than repeat the same allegations. Moreover, Crist's Complaint is not being dismissed due to defects in his pleading. Instead, it is being dismissed under the § 1915(e)(2)(B) standard because the record in his pending cases establishes a lack of factual support for his claims. Because further amendments would still be factually insufficient, any amendment he might file would be futile. *Bradley*, 379 F.3d at 901. Last, because Crist's claims are premature and speculative until judgment has been entered on his pending criminal charges, leave to amend at this stage would, again, be futile. *See Smith*, 87 F.3d 108; *Covington*, 171 F.3d 117.

**THEREFORE,**

**IT IS ORDERED:**

(1) Plaintiff Edward Brian Crist's Motion for Disclosure of Discovery (Doc. 5), Motion to Request Entry of Default (Doc. 6), Motion for Default Judgment (Doc. 18), and Motion to Take Judicial Notice (Doc. 20) are **DENIED**;

(2) Plaintiff Crist's Application to Proceed in the District Court Without Prepaying Fees and Costs (Doc. 2) and Motion to Take Judicial Notice (Doc. 19) are **GRANTED**;

(3) Plaintiff Crist's Motion of Consent (Doc. 4) is **DISMISSED** as unnecessary; and

(4) Plaintiff Crist's Prisoner's Civil Rights Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE